IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **I-SOLUTIONS DEVELOPMENT CORP, ROBERT WISEMAN INDIVIDUALLY AND AS MANAGING MEMBER**<br>*Plaintiffs,*<br><br>v.<br><br>**CV3 ALPHA TRUST, CV3 FINANCIAL SERVICES LLC, FCI LENDER SERVICES**<br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION:**<br>  4:25-cv-472         |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant(s) CV3 ALPHA TRUST ("CV3 TRUST"), CV3 FINANCIAL SERVICES LLC ("CVS FINANCIAL") and FCI LENDER SERVICES ("FCI") and HEREBY removes this action from the 334TH Judicial District Court, HARRIS County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support show the Court as follows:

**I.        STATE COURT ACTION**

1.  On 1/31/2025 Plaintiff(s) I-SOLUTIONS DEVELOPMENT CORP, ROBERT WISEMAN INDIVIDUALLY AND AS MANAGING MEMBER (hereinafter "Plaintiff(s)") filed its live petition (hereinafter "the Petition") in the 334TH Judicial District Court of HARRIS County, Texas styled *I-SOLUTIONS DEVELOPMENT CORP, ROBERT WISEMAN INDIVIDUALLY AND AS MANAGING MEMBER v. CV3 ALPHA TRUST, CV3 FINANCIAL SERVICES LLC, FCI LENDER SERVICES* and bearing Cause No. 2025-06722.

2.  In the State Court Action, Plaintiff(s) bring claims for violations of the Texas Debt Collection, Common Law Fraud, Usury and seek injunctive and other relief seeking to prevent foreclosure of the Properties located at: 2516 & 2518 CLEBURNE ST, HOUSTON, TX 77004 (the "Subject Properties").

## II. PROCEDURAL REQUIREMENTS

3.  This lawsuit was filed in the 334$^h$ District Court of Harris County, Texas on 1/31/2025. Court records reflect Defendant(s) CV3 TRUST, CV2 FINANCIAL and FCI have not yet been served.

4.  Removal is timely because thirty days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1).

5.  Defendant(s) WLIMINGTON, CV3 and FCI remove the State Court Action to this Court on the basis of diversity jurisdiction.

6.  This action is properly removed to this Court, as the lawsuit is pending within the district and division. 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

7.  The United States District Court for the Southern District of Texas, Houston Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. 28 U.S.C. §§ 1331 and 1332(a).

8.  Pursuant to 28 U.S.C. § 1446(a) and the Southern District of Texas Local Rules, this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet and Supplemental Cover Sheet; |
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in the State Court Action and Docket Sheet; |
| D | HARRIS County Central Appraisal District Residential Account Detail Report for the Subject Property. |

9.  Simultaneously with the filing of this Notice of Removal, Defendant(s) WLIMINGTON, CV3 and FCI are filing a copy of the Notice of Removal in the 269TH Judicial District Court, Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.    DIVERSITY JURISDICTION

10. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

A.  **COMPLETE DIVERSITY EXISTS**

11. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

12. Plaintiff I-SOLUTIONS DEVELOPMENT CORP is a Texas Corporation with its Principal Place of Business at 13423 Blanco Rd, Suite 413, San Antonio, TX 78216. Plaintiff I-SOLUTIONS DEVELOPMENT CORP is thus a citizen of the State of TEXAS for diversity purposes.

13. Plaintiff ROBERT WISEMAN is a natural person, domiciled in, residing in, and living in the State of Texas with a fixed place of residence of 902 Cordell Street #A, Houston, TX 77009. Plaintiff ROBERT WISEMAN is thus a citizen of the State of TEXAS for diversity purposes.

14. Defendant CV3 ALPHA TRUST is a Delaware Domestic Statutory Trust. The citizenship of a business trust is determined by the citizenship of all its members. CV3 ALPHA TRUST has one member: WILLIAM J TESSAR. WILLIAM J TESSAR is a natural person, domiciled in, and residing in, the State of California with a fixed place of residence in Lawndale, California. Defendant CV3 FINANCIAL SERVICES, LLC is thus a citizen of the State of California for diversity purposes.

15. Defendant CV3 FINANCIAL SERVICES, LLC is a Delaware Limited Liability Corporation. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. CV3 FINANCIAL SERVICES, LLC has one member: WILLIAM J TESSAR. WILLIAM J TESSAR is a natural person, domiciled in, and residing in, the State of California with a fixed place of residence in Lawndale,

California. Defendant CV3 FINANCIAL SERVICES, LLC is thus a citizen of the State of California for diversity purposes.

16. Defendant FCI Lender Services Inc. is a California Corporation with its principal place of business in California. A Corporation is a citizen of the state where it is was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus, FCI Lender Services Inc. is a citizen of California for purposes of diversity jurisdiction.

17. Since all Plaintiff(s) are residents of Texas and all Defendant(s) are not residents of Texas the Parties are diverse, and there is complete diversity between the relevant parties.

B. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

18. Plaintiff(s) seek from the court a finding that the attempted foreclosure sale of the Properties was wrongfully attempted. Plaintiff(s) also seek injunctive relief to maintain title to and possession of the Properties. (Pl(s)' Orig. Pet. ¶¶ 24-26). In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant. *Webb v. Investacorp, Inc*., 89 F.3d 252, 257 n.1 (5th Cir. 1996). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul*

*Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998  In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy. *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547–48 (5th Cir. 1961)).   Therefore, the amount in controversy with respect to Plaintiff's claims is the fair market value of the property.

19. Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy. *White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

20. Given that Plaintiff(s) seeks declaratory relief to stay the foreclosure sale of the Subject Properties, the entire value of the Subject Properties is squarely at issue. *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-548.  According to the HARRIS County Appraisal District the total appraised value of the Subject Properties for the year 2024 is $1,020,000.00. (Exhibit D).

21. Additionally, Plaintiff(s) seek actual damages, economic damages, punitive damages and exemplary damages. (*See* Pl(s)' Orig. Pet. ¶¶ 37-38, Prayer). Although Defendant(s) WILMINGTON, CV3 and FCI will vehemently deny that Plaintiff(s) are entitled to any declaratory relief, or damages, when these amounts, along with the value of the Properties, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiff(s) in this matter exceeds $75,000.00, exclusive of interest and costs.

22. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV. CONCLUSION

WHEREFORE, Defendant(s) CV3 TRUST, CV3 FINANCIAL and FCI remove this action from the 334TH Judicial District Court of HARRIS County, Texas to the United States District Court for the SOUTHERN District of Texas, HOUSTON Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*

**JACK O'BOYLE & ASSOCIATES, PLLC**

  */s/ Travis H. Gray*
Travis H. Gray
SBN: 24044965
SD TX Bar No.: 1115733
travis@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEYS FOR DEFENDANT(S) CV3 TRUST, CV3 FINANCIAL AND FCI*

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on February 4, 2025 to:

John G. Helstowski
J. GANNON HELSTOWSKI LAW FIRM
5209 HERITAGE AVE, SUITE 510
COLLEYVILLE, TX 76034
P: 817.382.3125 | F: 817.382.1799
E: jgh@jghfirm.com
COUNSEL FOR PLAINTIFF(S) I-SOLUTIONS DEVELOPMENT CORP, ROBERT WISEMAN INDIVIDUALLY AND AS MANAGING MEMBER

*/s/ Travis H. Gray*
Travis H. Gray